RANALD S. S. CO. v. WESENBERG & CO.

(District Court, E. D. Pennsylvania. May 25, 1903.)

No. 28.

1. SETTLEMENT—GROUNDS OF IMPEACHMENT.
   Where the master of a ship made settlement of an account, in which there was neither fraud, accident, nor mistake, receiving payment of the balance appearing to be due thereon, and giving a receipt in full, with full knowledge of all the items therein, the most of which were discussed between the parties, he cannot be permitted to impeach such settlement because of a verbal protest and an undisclosed intention on his part not to be bound thereby.

---

¶ 1. See Account, vol. 1, Cent. Dig. § 138.

In Admiralty. On final hearing.

Horace L. Cheyney, for libelant.

Henry R. Edmunds, for respondent.

J. B. McPHERSON, District Judge. All the items now complained of by the libelant were known to the master of the ship before the settlement with the respondent, and most of them had been the subject of a good deal of discussion. In this state of affairs the captain accepted the account, received and afterwards cashed a check for the balance appearing to be due thereon, and gave a receipt in full. There was no fraud, accident, or mistake about the settlement, so far as I can discover. No doubt the captain was contending that certain items ought not to be in the account at all, but he did not allege that there was any error in the respective amounts of such items. The captain now declares that he signed the receipt simply to get his hands on the money, making a verbal protest, and not intending to be bound by his signature. I doubt the verbal protest, but even if he did what he has said he can scarcely expect the court to look with favor upon his conduct. If he had objections to any item, he should have stated them, and stood by them, if he saw proper so to do. But he cannot be permitted to settle them in due form, concealing the objections that he continued to entertain, and concealing also his purpose to attack the settlement, and then to repudiate what was done, although he is unable to prove either fraud, accident, or mistake in the transaction.

A decree may be entered dismissing the libel, at the cost of the libelant.